## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **AVIS RENT A CAR SYSTEM, LLC,** *et al.* | : | |
| | : | **CASE NO. 3:12 cv 00399** |
| **Plaintiff,** | : | |
| | : | **Judge Walter H. Rice** |
| **v.** | : | |
| | : | |
| **CITY OF DAYTON, OHIO,** | : | |
| | : | |
| **Defendant** | : | |
| | : | |

| | | |
|---|---|---|
| **ENTERPRISE RAC COMPANY OF CINCINNATI, LLC DBA ENTERPRISE RENT-A-CAR, et al.,** | : : : | **CASE NO. 3:12 cv 00405** |
| | : | |
| **Plaintiff,** | : | **Judge Walter H. Rice** |
| | : | |
| **v.** | : | |
| | : | |
| **CITY OF DAYTON, OHIO,** | : | |
| | : | |
| **Defendant** | : | |
| | : | |

### AGREED PROTECTIVE ORDER

Plaintiffs Avis Rent A Car System, LLC, and Budget Rent A Car System, Inc., Enterprise RAC Company of Cincinnati, LLC dba Enterprise Rent-A-Car; Vanguard Car Rental USA, LLC dba National and Alamo, and Defendant City of Dayton, Ohio, through their attorneys, having stipulated and agreed to the entry of a Protective Order, and the Court finding that good cause supports entry of this Protective Order and that justice so requires it,

IT IS HEREBY ORDERED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that the documents and other information, including the substance and content thereof, produced or otherwise

5318376.1

disclosed by any party or non-party in discovery in this litigation, shall be subject to the terms and provisions of this Agreed Protective Order as follows:

1.   **Designated Material**: Any information or material produced, formally or informally, in response to a discovery request or otherwise, in this action, may be designated in a manner permitted under the terms of this Order by the person or entity (whether or not a party to this action) producing or providing the information or material ("Designating Person"). All such information and material and all extracts or copies thereof, including copies already in the possession of other parties to this action, constitutes "Designated Material" under this Order. The designation may be made for the purposes of avoiding invasion of individual privacy or for protecting trade secrets or other confidential research, development, or commercial information relating to the Designating Person's business.    The designation shall be either (a) "CONFIDENTIAL," or (b) "CONFIDENTIAL-ATTORNEY'S EYES ONLY." A Designating Person may designate information "CONFIDENTIAL-ATTORNEY'S EYES ONLY" when it believes in good faith that the information, in the context of the Designating Person's business, requires more secrecy than information designated "CONFIDENTIAL." Documents shall be designated by placing, stamping or marking the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" or similar words clearly identifying the category of Designated Material for which protection is sought under the terms of this Order. The legend should be placed on each page of the document prior to production of the document. Other records and items shall be prominently marked in a reasonably equivalent way. Designated Material not reduced to documentary, tangible or physical form or which cannot be conveniently designated in the manner set forth herein shall be designated by the Designating Person by informing the receiving party in writing.

2

2.      **Access to Designated Material**: Designated Material shall not be used or disclosed for any purposes other than the litigation of this action and may be disclosed only as follows:

a.      **Parties**:   Material designated "CONFIDENTIAL" may be disclosed (1) to officers, directors, members and/or employees of parties to this action and (2) to those individuals to whom material designated "CONFIDENTIAL-ATTORNEY'S EYES ONLY" may be disclosed under the terms of sub-paragraphs (b) through (h) below.

b.      **Witnesses or Prospective Witnesses**:  Material Designated "CONFIDENTIAL" may be disclosed to witnesses in this action, to whom disclosure is reasonably necessary. Before the disclosure of any Designated Material to witnesses for whom disclosure is not authorized under sub-paragraph (a) above, each such person shall sign a document substantially in the form of Exhibit A.   Material designated "CONFIDENTIAL-ATTORNEY'S EYES ONLY" may be disclosed at any time to witnesses who are also officers, directors, members and/or employees of the Designating Person.  Material designated "CONFIDENTIAL-ATTORNEY'S EYES ONLY" may also be disclosed at any time to Terrence Slaybaugh, Defendant City of Dayton's Director of Aviation, and Joseph Homan, Defendant City of Dayton's Airport Administration & Finance Manager, so long as neither further discloses such material to any person for whom disclosure is not authorized and no such material is maintained in any file, collection, or repository to which the public may gain access through a public records request or otherwise.

c.      **Counsel**: Material designated "CONFIDENTIAL-ATTORNEY'S EYES ONLY" may be disclosed to counsel of record for parties to this action, their investigators, their legal associates, paralegals and their regularly employed office staffs.

5318376.1

d.     **Experts Specifically Retained in this Litigation**:  All Designated Material may be disclosed to expert witnesses specifically retained in this litigation.  Such expert witnesses shall be instructed not to disclose the Designated Material or the fact that they possess Designated Material to any person, except as may be necessary within such person's organization to research, test, investigate, or perform tasks associated solely with this action. Before the disclosure of Designated Material to any expert specifically retained by any party and/or counsel in this litigation, each such expert shall first sign a document substantially in the form of Exhibit A, which form shall be retained by counsel for the disclosing party or non-party.

e.     **Consultants**:  All Designated Material may be disclosed to non-party experts who have agreed in writing, by signing a document substantially in the form of Exhibit A, or on the record of a deposition to be bound by this Order.  Notwithstanding the foregoing, materials designated as "Confidential – Attorney's Eyes Only" may not be disclosed to experts or consultants that are parties or employees of parties.

f.     **Court Personnel and Stenographers**:  All Designated Material may be disclosed to and viewed by appropriate court personnel as necessary. Designated Material may also be disclosed to stenographers and shorthand reporters as necessary.

g.     **Authors and Addressees**:  Documents that contain Designated Material may be disclosed to any person who appears as an author or addressee on the face of the document, or to any person who in fact has already received the document.

h.     **Other Persons**:  All Designated Material may be disclosed to other persons who are subsequently designated by agreement of the parties or by order of the Court upon motion by a party.  Temporary disclosure or possession of Designated Material may be

4

provided as necessary to copying services, translators, and to litigation support firms providing consultation, graphics, and jury research (including focus group participants); provided, that such persons or entities have agreed in writing, in a document substantially in the form of Exhibit A, to be bound by this Order.

3.      **Copies**:  Copies and extracts may be made by or for the foregoing persons, provided that all copies and extracts are appropriately marked. All copies and extracts are subject to paragraph 12 of this Order.

4.      **Custody of Designated Material**:  A person having custody of any Designated Material shall maintain it in a manner that limits access to qualified persons. Counsel of record for the party on whose behalf a person seeks disclosure or temporary possession of Designated Material shall maintain separately a collection of all documents by which such persons agree to be bound by this Order (Exhibit A).

5.      **Designating Depositions**:

a.      Deposition transcripts or portions thereof may be designated either: (a) when or before the testimony is recorded, in which case the transcript of the designated testimony shall be bound in a separate volume and marked by the reporter, as the Designating Person may direct, or (b) by captioned, written notice to the reporter and all counsel of record, given within three (3) business days after the reporter sends written notice that the transcript is available for review, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the Designating Person. Pending expiration of the three (3) business days, the deposition transcript shall be treated as if it had been designated "CONFIDENTIAL-ATTORNEY'S EYES ONLY."

5318376.1

b.      Where testimony is designated at a deposition, the Designating Person may exclude from the deposition all persons other than those to whom the Designated Material may be disclosed under paragraph 2 of this Order.

6.      **Court Procedures**: Any Designated Material which is to be filed with or submitted to the Court for inclusion on the Court's docket shall be filed under seal in accordance with Local Rule 79.3, unless otherwise directed by the Court.

7.      **Designations to be Reasonable**: The parties will use reasonable care to avoid designating any documents or information which are generally available to the public.

8.      **Objections**: A party may challenge the propriety of any designation under this Order at any time. A challenge may be made by serving on the other parties a captioned notice of objection, which shall identify with particularity the items the designation challenged and propose a new designation for or declassification of each item. The challenged material shall be deemed declassified or redesignated as proposed unless within three business days after service (or six business days if service is by mail) the Designating Person has filed and served a motion for a protective order to maintain the original designation or to designate the material otherwise; and the Designating Person shall have the burden of proof to justify such designation. Before serving a formal notice of objection, the objecting party must attempt in good faith to meet and confer with the Designating Person in an effort to resolve the matter informally. In addition to the foregoing, any third party found by the Court to have proper standing to intervene in this action may be heard, on such terms and conditions as the Court deems appropriate but in all events on reasonable notice to the parties, concerning objections or modifications to the terms of this Order.

6

9.    **No Prejudice**:

      a.      Nothing in this Order shall preclude any party from seeking and obtaining additional or different protection with respect to the confidentiality of discovery. This Order governs only the treatment of information and materials in discovery. At trial, the parties will redesignate or redact confidential designations as appropriate.

      b.      This Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which the Designating Person consents in writing before the disclosure takes place.

      c.      A party may seek by written agreement or court order to make late designations of material otherwise entitled to protection under this Order if the party failed to make a timely designation through mistake or inadvertence and failed to correct such error within a reasonable time in accordance with the requirements of paragraph 13.

10.    **Inadvertent Production**:  Counsel shall exert their best efforts to identify materials protected by the attorney-client privilege or the work product doctrine prior to the disclosure of any such materials or information. The inadvertent production of any document or thing shall be without prejudice to any claim that such material is protected by the attorney-client privilege or protected from discovery as work product, and no party shall be held to have waived any rights thereunder by inadvertent production. If within a reasonable time after materials are disclosed, a producing party asserts that such materials are protected by the attorney-client privilege or work product doctrine and were inadvertently produced, the receiving party shall take prompt steps to ensure that all known copies of such material are returned promptly to the producing party. The cost, if any, for excising such materials by the receiving party shall be borne by the producing

7

party. The parties may thereafter contest such claims of privilege or work product as if the materials had not been produced but shall not assert that a waiver occurred as a result of the production.

11.    **Final Disposition**: Upon final termination of this action and at the written request of the person designating or producing the material, all Designated Material and all copies thereof shall be returned to counsel of record for the person that produced the material or, in the case of deposition testimony regarding designated exhibits, the counsel of record for the Designating Person, or in the alternative, the receiving party shall provide to the Designating Person a certification that all such materials have been destroyed. However, counsel of record may retain a copy of Designated Material, pleadings, attorney and consultant work product, and depositions for archival purposes.

12.    **Error in Designation**: The inadvertent or unintentional production of documents containing, or otherwise disclosing, private, proprietary or secret information without being designated in accordance with this Order at the time of production or disclosure shall not be deemed a waiver in whole or in part of a Designating Person's claim of privacy, confidentiality or secrecy, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Any error in designation or in failing to designate shall be corrected within a reasonable time after the Designating Person becomes aware of the error.

13.    **Modifications and Survival**: The restrictions imposed by this Order may be modified or terminated only by written stipulation of all parties or by order of this Court. This Order shall survive termination of this action.

**IT IS SO ORDERED.**

8

5318376.1

Dated:     1-16-13

WALTER HERBERT RICE, JUDGE
UNITED STATES DISTRICT COURT

9

SO STIPULATED.

/s/ Marc J. Kessler
Marc J. Kessler (0059236)
Jeffrey A. Yeager (0068062)
HAHN LOESER & PARKS, LLP
65 East State Street, Suite 1400
Columbus, OH 43215
Phone:  (614) 221-0240
Facsimile:  (614) 221-5909
mkessler@hahnlaw.com
jyeager@hahnlaw.com

and

/s/ Paul Gerard Hallinan
Paul Gerard Hallinan (0010462)
Caroline Gentry (0066138)
PORTER WRIGHT MORRIS & ARTHUR
One Dayton Centre
One South Main Street, Suite 1600
Dayton, OH  45402
Phone: (937) 449-6748
Facsimile: (937) 449-6820
phallinan@porterwright.com
cgentry@porterwright.com

and

/s/ Neil Frank Freund
Neil Frank Freund (0012183)
Kelly Marie Schroeder (0080637)
FREUND FREEZE & ARNOLD
One Dayton Centre; Suite 1800
Dayton, OH  45402
Phone: (937) 222-2424
Facsimile: (937) 222-5369
callison@ffalaw.com
kschroeder@ffalaw.com

and

10

/s/ John J. Danish
John J. Danish (0046639)
City of Dayton Law Department-3
P.O. Box 22
101 W. Third Street
Dayton, OH   45402
Phone: (937) 333-4100
John.danish@daytonohio.gov

5318376.1

## EXHIBIT A

I hereby declare that I am to receive Designated Material, labeled as "Confidential" pursuant to the terms of the Agreed Protective Order entered the _____ day of _____, 20__, in the case styled Avis Rent A Car Syste, LLC, *et al.* v. City of Dayton Ohio, Case No.: 3:12 cv 00399 consolidated with the case styled Enterprise RAC Company of Cincinnati, LLC DBA Enterprise Rent-A-Car, *et al.* v, City of Dayton, Ohio Case No.: 3:12 cv 00405; each pending in the United States District Court for the Southern District of Ohio, Western Division.  I further declare that I have read a copy of the Agreed Protective Order, that I agree to be bound by all terms set forth in the Agreed Protective Order, and that I hereby submit to the jurisdiction of the aforesaid Court for the limited purpose of any proceeding to enforce the terms of the Agreed Protective Order.


_____          _____
Date Signed                                Declarant's Signature

                                           _____
                                           Printed Name

                                           _____
                                           Address

                                           _____
                                           City, State, Zip Code

12

5318376.1