IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| AVIS RENT A CAR SYSTEM, LLC, et al., | : |
| Plaintiffs, | Case No. 3:12-cv-399 |
| | : |
| v. | |
| | JUDGE WALTER H. RICE |
| CITY OF DAYTON, OHIO, | : |
| Defendant. | |

| | |
|---|---|
| ENTERPRISE RENT A CAR COMPANY OF CINCINNATI, LLC dba  ENTERPRISE RENT-A-CAR, et al., | : |
| | Case No. 3:12-cv-405 |
| | : |
| Plaintiffs, | JUDGE WALTER H. RICE |
| v. | : |
| CITY OF DAYTON, OHIO, | |
| Defendant. | |

DECISION AND ENTRY, NUNC PRO TUNC DECEMBER 5, 2012, OVERRULING PLAINTIFFS' MOTIONS  FOR A TEMPORARY RESTRAINING ORDER (DOC. #3 IN 3:12-cv-399 & DOC. #5 IN 3:12-CV-405) AS MOOT AND OVERRULING PLAINTIFFS' MOTIONS FOR EXPEDITED DISCOVERY (DOC. #4 IN 3:12-cv-399 & DOC. #6 IN 3:12-CV-405) AS MOOT

Pending before the Court are several motions in the related cases of *Avis Rent A Car System, LLC, et al. v. City of Dayton, Ohio*, Case No. 3:12-cv-399 ("Avis Case") and *Enterprise RAC Company of Cincinnati, LLC dba Enterprise Rent-A-Car et al., v. City of Dayton*, Case No. 3:12-cv-405 ("Enterprise Case"). In both cases, Plaintiffs filed Motions for a Temporary Restraining Order ("TRO") on December 3, 2012. Avis Case at Doc. #3; Enterprise Case at Doc. #5. The Plaintiffs' Motions requested that the Court issue an order preventing Defendant City of Dayton, Ohio ("City") from implementing a new permit process designed to govern Plaintiffs's rental car operations at the James M. Cox Dayton International Airport. Plaintiffs believed that the City's imminent implementation of the permit process would have been a breach of their existing lease agreements with the City.

During a phone conference held on December 5, 2012, the City agreed to stay the permit process and maintain the status quo of its existing lease agreements with Plaintiffs, pending a resolution of Plaintiffs' anticipated motion for a preliminary injunction seeking the same relief. *See* Notation Entry after Doc. #4. The Plaintiffs found the City's course of action acceptable. The parties later agreed to consolidate the Plaintiffs' motion for a preliminary injunction with trial on the merits, pursuant to Federal Rule of Civil Procedure 65(a)(2), thus, in effect, continuing the stay and status quo until resolution of the merits of the controversy. *See* Entry, Avis Case and Enterprise Case at Doc. #33. The Court, therefore, found it unnecessary to rule on the motions requested by Plaintiffs, and effectively overruled Plaintiffs' Motions as moot. The docket was not updated to reflect this

2

disposition. The Court, therefore, memorializes its disposition of Plaintiffs' motions in the present Decision and Entry, with instructions for this entry to be entered *nunc pro tunc* December 5, 2012.

In addition, the Court OVERRULES AS MOOT Plaintiffs' Motions to Expedite Discovery. Avis Case at Doc. #4; Enterprise Case at Doc. #6. All parties agreed and adhered to an accelerated period of discovery that has concluded. Plaintiffs' Motions for Expedited Discovery are, therefore, moot.

Date: July 12, 2013

*[signature]*

WALTER H. RICE
UNITED STATES DISTRICT JUDGE